UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-cv-00884-SEP |
| | ) |
| MODOC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Court's own motion. For the reasons set forth below, Plaintiff has failed to obey the Court's Order, and this action is therefore dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

Plaintiff is a self-represented litigant who is currently incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri. On July 21, 2021, he filed a civil action pursuant to 42 U.S.C. § 1983, alleging that "MODOC" had denied him his "religion." Doc. 1. Plaintiff sought $650 billion in damages. *Id.* He did not file a motion for leave to proceed *in forma pauperis* or pay the filing fee.

On January 27, 2022, the Court ordered Plaintiff to either file a motion for leave to proceed *in forma pauperis* or pay the entire filing fee. Doc. 2. The Court noted that Plaintiff was subject to the three-strikes provision of 28 U.S.C. § 1915(g),[1] and that a motion for leave to proceed *in forma pauperis* thus also required written documentation demonstrating that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Order granted Plaintiff

---

[1] Plaintiff has filed more than 160 cases in the United States District Court for the Eastern District of Missouri, most of which have been dismissed for frivolity, maliciousness, or for failure to state a claim. *See, e.g., Engel v. Governor of Missouri, et al.*, No. 1:20-cv-217-HEA (E.D. Mo. Dec. 15, 2020); *Engel v. United States of America, et al.*, No. 4:20-cv-1742-MTS (E.D. Mo. Dec. 18, 2020); and *Engel v. Missouri Courts, et al.*, No. 4:20-cv-1258-SPM (E.D. Mo. Dec. 21, 2020). Due to the numerous preservice dismissals Plaintiff has accumulated, this Court has determined that he is subject to the three-strikes provision in 28 U.S.C. § 1915(g), and has denied him leave to proceed *in forma pauperis*. *See, e.g., Engel v. ERDCC, et al.*, No. 4:20-cv-1941-DDN (E.D. Mo. Jan. 27, 2021). Additionally, the United States Court of Appeals for the Eighth Circuit has also determined that Plaintiff is a three-striker. *See, e.g., Engel v. Corrections Officer 1, et al.*, No. 21-1555 (8th Cir. 2021) (stating that "[t]his court has previously determined that Appellant has three 'strikes' under 28 U.S.C. § 1915(g)"). Therefore, Plaintiff cannot proceed *in forma pauperis* unless the imminent danger exception applies.

thirty days in which to comply and advised him that failure to comply would result in the dismissal of this action without prejudice and without further notice.  Doc. 2.  The deadline was February 28, 2022.  It has now been more than 45 days, and Plaintiff still has not complied.

Plaintiff's status as a self-represented litigant does not excuse him from complying with the Court's Order or the Federal Rules of Civil Procedure.  *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996).  The deadline for Plaintiff's compliance having expired, this action is dismissed for failure to comply with the Court's Order.  *See* Fed. R. Civ. P. 41(b); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.  *See* Fed. R. Civ. P. 41(b).  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 18th day of March, 2022.

                                                                            _____
                                                                            SARAH E. PITLYK
                                                                            UNITED STATES DISTRICT JUDGE